IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED

SEP 30 1998

WILLIAM B. GUTHRIE
Clerk, U.S. DISTRICT COURT
By_____
Deputy Clerk

IN RE:                                          )
                                                )
GUIDELINES FOR RESOLVING                        )    General Order No. 98-2
SCHEDULING CONFLICTS WITH                       )
OKLAHOMA FEDERAL COURTS                         )
AND STATE COURTS                                )

Pursuant to the General Order entered by the United States Court of Appeals for the Tenth Circuit on May 21, 1998, and for the purpose of resolving conflicts that arise in scheduling among the federal district courts and state courts, the United States District Court for the Eastern District of Oklahoma hereby amends its Local Rules to adopt the following guidelines:

**(A)** An attorney shall not be deemed to have a conflict unless:

    **(1)** the attorney is lead counsel in two or more of the actions affected, and

    **(2)** the attorney certifies that the matters cannot be adequately handled, and the client's interest adequately protected, by other counsel for the party in the action or by other attorneys in lead counsel's firm; certifies compliance with this rule and has nevertheless been unable to resolve the conflicts; and certifies in the notice a proposed resolution by list of such cases in the order of priority specified by this rule.

**(B)** When an attorney is scheduled for a day certain by trial calendar, special setting or court order to appear in two or more courts (trial or appellate; state or federal), the attorney shall give prompt written notice, as specified in (A) above, of the conflict to opposing counsel, to the clerk of each court and to the judge before whom each action is set for hearing (or, to an appropriate judge if there has been no designation of a presiding judge). The written notice shall contain the attorney's proposed resolution of the appearance conflicts in accordance with the priorities established by this rule and shall set forth the order of cases to be tried with a listing of the date

and data required by (B)(1)-(4) as to each case arranged in the order in which the cases should prevail under this rule. Attorneys confronted by such conflicts are expected to give written notice such that it will be received at least seven (7) days prior to the date of conflict. In resolving scheduling conflicts, the following priorities should ordinarily prevail:

(1) Criminal (felony) actions shall prevail over civil actions set for trial or appellate proceedings;

(2) Jury trials shall prevail over non-jury matters, including trials and administrative proceedings;

(3) Trials shall prevail over appellate arguments, hearings and conferences;

(4) Appellate proceedings prevail over all trial hearings, other than actual trials.

(5) Within each of the above categories only, the action which was first set shall take precedence.

(C) In addition to the above priorities, consideration should be given to the comparative age of the cases, their complexity, the estimated trial time, the number of attorneys and parties involved, whether the trial involves a jury, and the difficulty or ease of rescheduling.

(D) The judges of the courts involved in a scheduling conflict shall promptly confer, resolve the conflict, and notify counsel of the resolution. The judge presiding over the older case (i.e. the earliest filed case) will be responsible for initiating this communication.

(E) Conflict resolution shall not require the continuance of the other matter or matters not having priority. In the event the matter determined to have priority is disposed of prior to the scheduled time set, the attorney shall immediately notify all affected parties, including the court affected, of the disposal and shall, absent good cause shown to the court, proceed with the remaining case or cases which did not have priority.

(F) Nothing in these guidelines is intended to prevent courts from voluntarily yielding a favorable scheduling position, and judges of all courts are urged to communicate with each other

in an effort to lessen the impact of conflicts and continuances on all courts.

DATED this 30th day of September, 1998.

*[signature]*
MICHAEL BURRAGE, CHIEF
UNITED STATES DISTRICT JUDGE